IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LATASHA DANIELS, on behalf of herself :
and all others similarly situated :
: CIVIL ACTION
v. :
: NO. 17-0757
SOLOMON and SOLOMON, P.C. :

## MEMORANDUM

**SURRICK, J.**                                                                                        **AUGUST 25 , 2017**

Presently before the Court is Defendant's Motion to Dismiss. (ECF No. 9.) For the following reasons, Defendant's Motion will be granted.

## I. BACKGROUND

This action arises from a debt collection letter that Plaintiff Latasha Daniels received from Defendant Solomon and Solomon, P.C. Plaintiff asserts one count against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e ("FDCPA"), on behalf of herself and the putative class. Plaintiff alleges that the letter falsely implies attorney involvement, and threatens an action that cannot legally be taken, in violation of the FDCPA.

### A. Factual Background[1]

On April 4, 2016, Plaintiff received a debt communication letter ("Letter") from Defendant. (Compl. ¶ 22, ECF No. 1.) At the time, Plaintiff owed Niagara Mohawk Power Corporation ("Niagara") money for utility services in the amount of $2,850.65, and her obligation was in default. (*Id.* ¶¶ 16, 21.) Niagara retained Defendant, a law firm and debt collection agency, to collect Plaintiff's debt. (*Id.* ¶¶ 7, 19.)

---

[1] For the purpose of this Motion, the factual allegations in Plaintiff's Complaint are taken as true. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

Defendant sent Plaintiff the Letter in order to collect Plaintiff's debt. (*Id.* ¶ 23.) The Letter is printed on a standard form that contains Defendant's trade name and address on the top right-hand corner of the page. (*See* Letter, Compl. Ex. A.) Plaintiff alleges that the Letter stated, in part: "Please be advised that your account with Solomon and Solomon P.C. still remains unpaid, and has been reported to the national credit bureaus. You should act now to resolve your problem!" (*Id.* ¶ 26.) The Letter provides payment directions, the standard FDCPA debt collection notice, and an invoice. (*See* Letter.) The Letter is not signed by a Solomon attorney or employee. (Compl. ¶ 27.)

### B. Procedural History

On February 13, 2017, Plaintiff filed a Complaint in this Court.[2] Plaintiff's Complaint asserts one count against Defendant for violations of the FDCPA (Count I). On April 20, 2017, Defendant filed the instant Motion to Dismiss. (MTD, ECF No. 9.) On May 18, 2017, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. (Pl.'s Resp., ECF No. 12.) On May 25, 2017, Defendant filed a Reply to Plaintiff's Response. (ECF No. 13.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. A motion under Rule 12(b)(6) tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

---

[2] Plaintiff filed this suit as a putative class action, but has not attempted to certify the proposed class. As a result, we will not address this issue.

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210. First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id.* at 210-11. Next, courts determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

3

## III. DISCUSSION

The FDCPA prevents debt collectors from using "any false, deceptive, or misleading representation or means with the collection of any debt." 15 U.S.C. § 1692e. To state a claim under the FDCPA, Plaintiff must allege that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Plaintiff has alleged that she is a consumer, and that she received the Letter from Defendant, in an attempt to collect the debt she owed to Niagara. (*See* Compl. ¶¶ 14, 19-24.) Defendant's Motion does not contest the first three elements. (*See* MTD 4-5.) Therefore, we need only determine if Defendant has violated an FDCPA provision in attempting to collect the debt.[3]

Plaintiff alleges that Defendant violated two provisions of the FDCPA by sending the Letter to Plaintiff: (1) § 1692e(3), which prohibits "false representation or implication that any individual is an attorney or that any communication is from an attorney"; and (2) § 1693e(5), which prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." Defendant advances two arguments in support of its Motion to Dismiss. First, Defendant argues that Plaintiff lacks Article III standing because she has not pled that she suffered a specific harm. Second, Defendant asserts that Plaintiff failed to state a claim for relief because the Letter does not constitute a violation of the FDCPA.

### A. Standing

Defendant asserts that Plaintiff lacks standing to bring a claim under the FDCPA because she has not suffered a concrete injury-in-fact, and has not pled a specific harm. Defendant

---

[3] Although Plaintiff references improper notice in the Complaint, she pleads no facts to support this claim. (*See* Compl.) Accordingly, we reject this argument.

contends that Plaintiff's allegation that the Letter "could have affected [her] decision-making with regard to the debt" fails to identify a specific harm. (Compl. ¶ 56.)

"To establish Article III standing, a plaintiff must demonstrate: (1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 272 (3d Cir. 2016) (citation and internal quotation marks omitted). To establish an injury-in-fact, Plaintiff must show that she has suffered "an invasion of a legally protected interest" that is both "actual or imminent, not conjectural or hypothetical" and "concrete and particularized." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted).[4]

The Third Circuit recently held that "the actual or threatened injury required by Art[icle] III may exist *solely by virtue of statutes creating legal rights*, the invasion of which creates standing." *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 636 (3d. Cir. 2017) (citation and internal quotation marks omitted) (emphasis in original). A concrete injury has been pled when one sues under a statute alleging "the very injury [the statute] is intended to prevent." *Sussino v. Work Out World Inc.*, 862 F.3d 346, 351 (3d Cir. 2017) (citation and internal quotation marks omitted).

The FDCPA is a remedial statute enacted to "eliminate abusive debt collection practices." 15 U.S.C. § 1692(e). The Statute states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.

---

[4] The fact that Plaintiff asserts a claim on behalf of a putative class does not affect our standing analysis. "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (quoting *Warth v. Seldin*, 422 U.S 490, 502 (1975)).

5

§ 1692e.  "The FDCPA gives a consumer the right to sue for damages for any violation." *Medina v. Allianceone Receivables Mgmt., Inc.*, No. 16-4664, 2017 WL 220328, at *1 (E.D. Pa. Jan. 19, 2017) (citing 15 U.S.C. § 1692k).  Through the FDCPA, "Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate to establish standing and elevated it to the status of a legally cognizable injur[y] (by providing consumers with a new, substantive right to be free from abusive debt-collection practices . . . .)." *Reed v. IC Sys., Inc.*, No. 15-279, 2017 WL 89047, at *3 (W.D. Pa. Jan. 10, 2017) (citation and internal quotation marks omitted).  "The FDCPA is designed to protect the consumer from the inherent harm caused when a debt collector, in seeking to collect a debt, is not straight with the consumer but instead makes a false or deceptive statement to achieve its purpose." *Medina*, 2017 WL 220328, at *1.

Here, Plaintiff's Complaint states that that "Plaintiff . . . suffered harm as a direct result of the abusive, deceptive, and unfair collection practices described herein."  (Compl. ¶ 57.)  In addition, Plaintiff alleges that the Letter violated her "right to be free from abusive debt collection practices."  (*Id.* ¶ 54.)  This injury goes to the core interest that Congress sought to protect—a debtor's right to be free from unfair debt collection practices.  *See* 15 U.S.C. § 1692e.  Accordingly, Plaintiff's allegations establish a legally cognizable injury under the FDCPA, which establishes standing in this Court.

      **B.**     **Failure to State a Claim**

Defendant contends that even if Plaintiff has standing, the Complaint should be dismissed for failure to state a claim for relief under the FDCPA.  Plaintiff argues that Defendant falsely implied that a communication came from an attorney, in violation of § 1692e(3) of the FDCPA, and threatened to take legal action that cannot legally be taken, in violation of § 1692e(5).

"Because the FDCPA is a remedial statute, [courts] construe its language broadly, so as to effect its purpose." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (internal citation omitted). Courts analyze a debt collector's statements from the perspective of the "least sophisticated debtor." *Id.* Under the least sophisticated debtor standard, a letter is deceptive when "it can reasonably be read to have two or more different meanings, one of which is accurate." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (citation and internal quotation marks omitted); *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). However, while the least sophisticated debtor is a low standard, it "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Lesher v. Law Offices of Mitchell N. Kay*, 650 F.3d 993, 997 (3d Cir. 2011) (citation omitted).

    *1.*  *Section 1692e(3)*

Plaintiff argues that the Letter violates Section 1692e(3) of the FDCPA because the communication falsely implies that an attorney, acting as an attorney, is meaningfully involved in the debt collection. The FDCPA provides that debt collectors may not make a "false representation or implication that any individual is an attorney or that any communication is from an attorney" in their debt collection communications. 15 U.S.C. § 1692e(3). Plaintiff contends that the Letter, which includes "Solomon and Solomon, P.C." in the top right-hand corner and in the body of the Letter, would confuse a debtor "as to whether Defendant was acting as an attorney . . . and whether Defendant's collection letters implied potential legal action." (Compl. ¶ 46.) Defendant argues that the Letter is not a false representation because it does not identify an attorney, or imply that an attorney is working on the case. In addition, Defendant

7

states that the Letter contains the proper disclaimer that the communication was sent by a debt collector.

Courts in this Circuit have recognized that a debt collection letter not reviewed by a lawyer, but sent with a law firm letterhead does not run afoul of Section 1692e(3), provided that the letter contains a satisfactory disclaimer on the front of the document. *See, e.g.*, *Hamilton v. LLM Mgmt., Inc.*, No. 13-2932, 2016 WL 589869, at *6 (E.D. Pa. Feb. 11, 2016) (holding that the placement of a disclaimer on the front page of the letter "makes it clear to the average consumer that the attorney was not, at the time of the letter's transmission, acting in any legal capacity"); *Davis v. Lyons, Doughty & Veldhuis, P.A.*, 855 F. Supp. 2d 279, 283 (D. Del. 2012) (same); *Eddis v. Midland Funding, LLC*, No. 11-3923, 2012 WL 664812, at *7 (D.N.J. Feb. 28, 2012) (same); *Stokes v. Farrell Law Grp.*, *LLC*, No. 11-6747, 2012 WL 1455239, at *8 (D.N.J. Apr. 26, 2012) (same).

Here, the Letter is not signed by an attorney, does not reference attorney involvement, and does not discuss undergoing attorney or law firm review. In addition, the Letter contains a disclaimer on the front of it that reads, "[t]his is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector." (*Id.*) The Letter does not imply attorney involvement at all, let alone falsely imply it.[5] Accordingly,

---

[5] In addition, Plaintiff alleges new factual averments that were outside the scope of the original Complaint. (*See* Pl.'s Resp.) Specifically, Plaintiff attempts to reference Solomon's website as a potential cause of debtor confusion. The Letter directs the reader to make their "payment on [Solomon's] web site at www.solomonpayments.com." (Compl. Ex. A.) Plaintiff argues that "with just a few clicks" the reader can learn that Solomon is a collection law firm. (Pl.'s Resp. 10.) No authority exists to support Plaintiff's proposition that reference to a website has the legal effect of incorporating the entire website into the collection letter, for the purposes of the FDCPA. Instead, we focus on the communication itself, and the communication itself does not falsely imply attorney involvement.

Plaintiff's claim that Defendant falsely implied attorney involvement under 15 U.S.C. § 1692e(3) will be dismissed.

    2.    *Section 1692e(5)*

Plaintiff contends that the Letter violates § 1692e(5) of the FDCPA because the communication threatens to take legal action that cannot legally be taken. The FDCPA provides that a debt collector may not "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). The Letter states: "Please be advised that your account with Solomon and Solomon P.C. still remains unpaid, and has been reported to the national credit bureaus. You should act now to resolve this problem!" (The Letter.) The Letter also states: "This is an attempt to collect a debt. Any information obtained will be used for that purpose." (*Id.*)

In *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011), the Third Circuit held that a plaintiff failed to state a claim under the FDCPA because "the language of the [debt collector's] letter" failed to "explicitly or implicitly threaten litigation." As support, the Third Circuit noted that "[a]t the bottom, the letter state[d], in bold, capital letters, '**THIS IS AN ATTEMPT TO COLLECT A DEBT**.'" *Id.* Based upon this language, the Third Circuit held that "[e]ven the least sophisticated consumer would not understand [the] letter to explicitly or implicitly threaten litigation." *Id.* Here, the Letter contains the exact same language as the letter in *Huertas*, stating "This is an attempt to collect a debt." Therefore, we find that the Letter does not threaten litigation.

In addition, the contents of the Letter do not overshadow this language. The Letter makes no reference to a threat of legal action. Plaintiff argues that the language "[a]ct now to resolve this problem!" implies that Defendant could initiate a legal action against her. We

9

disagree. In *Wilson v. Quadramed Corp.*, 225 F.3d 350, 352 (3d Cir. 2000), the Third Circuit held that the following language did not violate the FDCPA: "Our client has placed your account with us for immediate collection. We shall afford you the opportunity to pay this bill immediately and avoid further action against you." The Court held that the letter made no demand or threat of litigation, as the letter gave the debtor "an opportunity to pay the debt to avoid further action." *Id*. The Court found that "the language in [the debt collector's] letter, 'avoid further action,' d[id] not convey a sense of urgency or a threat of specific action which overshadow[ed] the validation notice." *Id*. at 360 n.6. Similarly, here the Letter urges Plaintiff to "act now to resolve this problem!" Plaintiff argues that the Letter's reference to a "problem" insinuates a threat of legal action. We disagree. Just as the debt collector's call to "avoid further action" in *Wilson* did not imply a threat of legal action, here Defendant's call to "solve the problem" does not imply such a threat.

Accordingly, Plaintiff has not sufficiently alleged a claim under Section 1692e(5) of the FDCPA.[6]

---

[6] Plaintiff also alleges that Defendant violated Section 1692e(10) of the FDCPA, which provides that debt collectors may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Plaintiff "submits that her allegations Defendant violated Section 1692e(3) and Section 1692e(5) of the FDCPA are encapsulated in her allegations that Defendant also violated Section 1692e(10). Defendant has not argued otherwise." (Pl.'s Resp. 13 (citation omitted).) Accordingly, we find that Plaintiff has failed to state a claim under § 1692e(10) of the FDCPA.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be granted.

An appropriate order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**